UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

COLE LEVAN COLEMAN,
　　　　　　*Defendant-Appellant.*

No. 99-4294

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-139)

Submitted: September 25, 2001

Decided: October 16, 2001

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Durham, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Cole Levan Coleman appeals his criminal conviction and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841, 846 (West Supp. 2001). We affirm.

Coleman first contends that the district court erred in admitting testimony regarding an alleged attack on an individual identified as "E," asserting that it was "other acts" evidence admitted in violation of Fed. R. Evid. 404(b). A district court's evidentiary rulings are reviewed for an abuse of discretion. *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996). Rule 404(b) decisions are not reversed unless they are "arbitrary and irrational." *United States v. Powers*, 59 F.3d 1460, 1464-65 (4th Cir. 1995).

Rule 404(b) applies only to acts extrinsic to the crime charged. Where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible. *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)). In addition, evidence of uncharged conduct is not other acts evidence if it "arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (alterations in original) (citations omitted).

Applying these standards, we find that the Government has presented a strong case that evidence of the attack on "E," who had failed to pay a drug-related debt, was intrinsic to the conspiracy. However, even were this evidence extrinsic and admitted in violation of Rule 404(b), we find that the judgment was not substantially swayed by this evidence and that any error was therefore harmless. *See United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard).

Coleman's attorney next asserts that the district court erred in denying his motion for a new trial based upon the testimony of a subsequently discovered witness. A district court should grant a motion for a new trial based on newly discovered evidence only if: (1) the evidence is newly discovered; (2) the court may infer diligence on the part of the movant discovering the evidence from the facts alleged; (3) the evidence relied upon is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably result in acquittal at a new trial. *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995). This court reviews denial of such a motion for abuse of discretion. *Id.*

Our review of this witness' testimony, which appears both inconsistent and equivocal, leads us to agree with the district court's determination that any materiality was "substantially outweighed by the incredible story . . . recited," and that the testimony was therefore unlikely to change the outcome of Coleman's trial. Accordingly, we find that the district court did not abuse its discretion in this regard. *See id.* (providing standard); *United States v. Arrington*, 757 F.2d 1484 (4th Cir. 1985) (stating that district courts may make credibility determinations in new trial motions).

In a supplemental brief filed with leave of the court, Coleman argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), renders § 841 and § 846 unconstitutional both on their faces and as applied to him. We find no merit to these contentions. *See United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001) (citing cases from the Fifth, Seventh, and Eleventh Circuits).

Next, Coleman argues that, because his jury was not instructed to determine drug quantity, his sentence should be vacated and that he should be resentenced to a term of twenty years or less under *Apprendi*. In *Promise*, 255 F.3d at 156-57, we interpreted *Apprendi* and held that

> in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking

offense, i.e., charged in the indictment and proved to a jury
beyond a reasonable doubt.

Here, Coleman was sentenced to 292-months imprisonment, which
exceeds the twenty-year maximum allowable sentence without a jury
finding on drug quantity. While an amount supporting the final sen-
tence was charged in the indictment, if the drug quantity issue was not
submitted to the jury, then Coleman's sentence was in error.

However, even assuming that the jury instructions were erroneous,
review for plain error is appropriate in this appeal, because Coleman
did not argue at trial that the drug quantity must be considered an ele-
ment of the offense and submitted to the jury. Under the plain error
standard, in order to vacate the sentence, Coleman must show that (1)
there was error; (2) the error was plain; and (3) the error affected sub-
stantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). In
order to satisfy the third element, Coleman must demonstrate that the
jury would not have found, beyond a reasonable doubt, the missing
element from the jury instructions. *United States v. Strickland*, 245
F.3d 368, 379 (4th Cir. 2001), *petition for cert. filed* (July 30, 2001)
(No. 01-5624). If the missing element is supported by overwhelming
evidence and uncontested, then the error did not affect substantial
rights. *Id.* at 380-81. Even if the three elements are met, the court may
exercise its discretion to notice the error only if the error seriously
affects the fairness, integrity, or public reputation of judicial proceed-
ings. *Olano*, 507 U.S. at 732.

A failure to submit drug quantity to the jury would be plain error.
*Promise*, 255 F.3d at 159-60. Nonetheless, the Government contends
that Coleman's substantial rights were not violated because Cole-
man's sentence was below the forty-year maximum sentence autho-
rized by § 841(b)(1)(B) for crimes involving five grams or more of
crack cocaine. The question then is whether there was uncontested
and overwhelming evidence establishing that Coleman conspired to
possess with intent to distribute more than five grams of crack
cocaine. *United States v. Stewart*, 256 F.3d 231 (4th Cir. 2001).

There was overwhelming evidence at trial that Coleman trafficked
in large quantities of crack cocaine. For example, one Government
witness, Timothy Mack, testified that Coleman delivered crack to him

on many occasions. These deliveries ranged in size from a "couple of ounces" to a half an ounce. Even assuming only one delivery and taking the smallest of these amounts, Coleman is responsible for half an ounce of crack cocaine—14.175 grams—almost three times the amount required to support a maximum sentence of forty years under § 841(b)(1)(B). Another witness, Wayne Clark, testified that he observed Coleman distribute "two, three, four ounces of crack cocaine." Again, even taking the lowest of these figures, two ounces, this amounts to 56.7 grams of crack, over ten times the amount necessary to justify a maximum sentence of forty years under § 841(b)(1)(B) and 6.7 grams over the amount required to justify a maximum sentence of life imprisonment under § 841(b)(1)(A).

In addition, Coleman did not make drug quantity an issue at trial. He presented no evidence tending to establish the quantity of crack cocaine involved in the conspiracy. Instead, he argued that the Government witnesses were not credible and that, therefore, reasonable doubt existed as to his participation in the conspiracy. Even at sentencing, where Coleman challenged the drug quantity, he conceded that he should at least be held responsible for four ounces—over 100 grams—of crack cocaine, well in excess of the five grams required to support his sentence.

Based on our close review of the record, we are convinced that the Government proved, beyond a reasonable doubt, that Coleman dealt with far more than the five grams of cocaine necessary to support a maximum sentence of forty years. Thus, any error in failing to present the drug quantity to the jury was harmless, as it is clear, beyond a reasonable doubt, that the jury would have returned the same verdict had there been no error.

Finally, Coleman's attorney raises a handful of issues at Coleman's request with a statement that counsel has examined these issues and found them to be without merit. Specifically, Coleman asserts that: (1) the Government violated 18 U.S.C.A. § 201 (West 2000), by presenting the testimony of witnesses who were presumably testifying in the hopes of obtaining a sentence reduction; (2) the district court erred at sentencing in converting the value of a half of a kilogram of cocaine powder into crack; and (3) his attorney provided ineffective assistance. Our review of these issues leads us to agree with counsel's

determination on issues (1) and (2). As to issue (3), a direct appeal is not the proper forum in this instance, because ineffective assistance is not clear on the face of the record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (holding that defendant may raise claim of ineffective assistance of counsel on direct appeal only if ineffective assistance is conclusive from the record).

In light of the above determinations, we affirm Coleman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED**

---

*Alternately, we hold that the conviction is affirmed under *United States v. Richardson*, 233 F.3d 223 (4th Cir. 2000). Coleman's indictment specifically charged him with a quantity in excess of fifty grams of crack cocaine and the district court instructed the jury that they were required to find a conspiracy "as charged in the Indictment." Even if the drug quantity question may not have been presented to Coleman's jury as fully as it was in *Richardson*, where the indictment was read in its entirety to the jury, here, drug quantity was nonetheless both charged and presented to the jury through the indictment.