**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL J. CERNOBYL,

      Defendant-Appellant.

No. 00-7033

---

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 99-CR-49-B)**

---

Submitted on the briefs:[*]

D. Michael Littlefield, Assistant United States Attorney and Sheldon J. Sperling, United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

Donn F. Baker, Tahlequah, Oklahoma, for Defendant-Appellant.

---

Before **SEYMOUR, EBEL** and **BRISCOE**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

Defendant-Appellant Michael J. Cernobyl ("Cernobyl") pled guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court calculated his sentence on the basis of marijuana found in his home and car, as well as on the basis of his own admission that he had transported large amounts of marijuana over an extended period of time. Cernobyl appealed. His initial argument to the court centered on his contention that the evidence relied upon by the district court was unreliable. Following the Supreme Court's opinion in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Cernobyl successfully moved for supplemental briefing on the issue of whether his sentence was unlawful in light of Apprendi. In his supplemental brief, Cernobyl argued that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi, and, in the alternative, that the district court erred in basing his sentence on drug quantities that were not alleged in his indictment and proved beyond a reasonable doubt. We hold that § 841 is not facially unconstitutional, but that the district court's sentence constituted plain error in light of Apprendi, and we therefore VACATE Cernobyl's sentence and REMAND for resentencing.

## I. BACKGROUND

Cernobyl was arrested in January 1999 after Oklahoma State Trooper Mike Smith ("Trooper Smith") stopped a car in which Cernobyl was traveling as a passenger. Trooper Smith detected the odor of unburned marijuana in the vehicle,

and then sought and obtained permission to search the car from the driver, Merle Thomason ("Thomason"). Trooper Smith discovered sixty-six pounds of marijuana in the trunk and arrested Thomason, Cernobyl, and another passenger. Cernobyl later admitted to Trooper Smith that the marijuana belonged to him. Cernobyl went on to inform Trooper Smith that he was "unlucky" because he arrested Cernobyl with an unusually small amount of marijuana, and that Cernobyl transported between 100 and 400 pounds of marijuana on a bi-weekly or monthly basis. Although he was only twenty-eight years old at the time of his arrest, Cernobyl told Trooper Smith he had been engaged in drug trafficking for seventeen to twenty years. Cernobyl subsequently told two agents of the United States Drug Enforcement Agency ("DEA") that he earned approximately $11,000 to $15,000 per month in this manner, and that he had been transporting drugs for approximately three years. Cernobyl later recanted these statements, however, telling the probation officer who prepared his pre-sentencing report that he was merely "bragging" to impress Trooper Smith and the DEA agents.

The DEA agents who interviewed Cernobyl obtained a search warrant for his residence to look for additional evidence of illegal drug activity. The search uncovered approximately thirty-eight pounds of marijuana hidden in Cernobyl's garage and $11,000 in cash concealed beneath a bathroom sink.

The Government indicted Cernobyl on two counts of possession of marijuana stemming from the seizures of drugs from his home and from Thomason's vehicle in violation of 21 U.S.C. § 841(a)(1). The indictment did not allege any specific amount of marijuana believed to have been in Cernobyl's possession. Cernobyl raised Fourth Amendment objections to the search of his home, and the district court suppressed all of the evidence derived from that search for purposes of trial. Cernobyl then pled guilty to the first count of the indictment charging him with possession with intent to distribute the marijuana found in Thomason's car.

Because of a perceived lack of corroborating evidence to support Cernobyl's admissions of prior drug trafficking, the pre-sentencing report prepared by the U.S. probation officer recommended that Cernobyl be sentenced only on the basis of the sixty-six pounds of marijuana found in Thomason's truck. The Government objected, arguing the district court should consider the suppressed drugs along with Cernobyl's statements to Trooper Smith and the DEA agents as relevant conduct for sentencing under Section 1B1.3(a)(1)(A) of the Federal Sentencing Guidelines. After conducting a sentencing hearing, the district court determined that Cernobyl's guilty plea, together with the government's evidence of relevant conduct, warranted a base sentencing level of thirty-two. Specifically, the court sentenced Cernobyl on the basis of the court's

conclusion to a preponderance of the evidence that Cernobyl had possessed 3,701 pounds or 1678.77 kilograms of marijuana, including: (1) the sixty-six pounds found in Thomason's vehicle; (2) thirty-five pounds seized from his residence; and (3) the judge's finding that Cernobyl transported 100 pounds of marijuana per month for a period of three years, which was based on Cernobyl's own boasts to Trooper Smith and the DEA agents.

Cernobyl filed timely notice of appeal. In his opening brief, Cernobyl argued that the district court should not have based his sentence on his own allegedly unreliable admissions to police or on the drugs that were seized from his home in violation of the Fourth Amendment. A short time before Cernobyl filed his brief, the Supreme Court decided <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), and we ordered supplemental briefing to determine whether his sentence was unlawful in light of that decision. Cernobyl now argues that <u>Apprendi</u> rendered 21 U.S.C. § 841 facially unconstitutional, and, in the alternative, that the district court erred in sentencing him for possessing 3,701 pounds of marijuana without a jury's conclusion that the evidence proved that he possessed this amount beyond a reasonable doubt.

## II. STANDARD OF REVIEW

Because the Supreme Court's opinion in <u>Apprendi</u> was not issued until after Cernobyl filed notice of appeal, he did not raise either of these challenges before

the district court. We therefore review these issues for plain error. See United States v. Hishaw, 235 F.3d 565, 574 (10th Cir. 2000). As such, "[r]eversal is only warranted if there is: (1) an error; (2) that is plain or obvious; (3) affects substantial rights; and [4] 'seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

## III. DISCUSSION

A.     Constitutionality of 21 U.S.C. § 841

Cernobyl first argues that Apprendi rendered 21 U.S.C. § 841 facially unconstitutional. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. Congress structured § 841 in two parts, with § 841(a) defining the prohibited behavior, and § 841(b) setting forth a range of penalties based on the quantities of drugs involved in the offense. Federal courts have historically construed the provisions of § 841(a) as the substantive elements of the offense, and the provisions of § 841(b) as sentencing factors which could be submitted to a district court for a finding to a preponderance of the evidence. See United States v. Jones, 235 F.3d 1231, 1234 (10th Cir. 2000). In light of Apprendi, however, we recently concluded that "the quantity of drugs

- 6 -

involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B)." Jones, 235 F.3d at 1236. Thus, in order to increase a defendant's sentence for a conviction pursuant to § 841, drug quantities must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. See id.; United States v. Heckard, 238 F.3d 1222, 1234-35 (10th Cir. 2001); United States v. Keeling, 235 F.3d 533, 538 (10th Cir. 2000); Hishaw, 235 F.3d at 575.

Cernobyl nevertheless argues that, to be consistent with our pre-Apprendi case law and the plain language of § 841, we must preserve the historical procedural dichotomy between §§ 841(a) and 841(b), find that § 841(b) violates Apprendi, and therefore hold that the statute as a whole is facially unconstitutional. We note that the Fourth, Fifth, and Eleventh Circuits have considered this question and concluded that § 841 remains constitutionally viable, albeit with relatively little substantive analysis of the question. See United States v. Candelario, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001), cert. denied __ S.Ct. __, No. 00-9956, 2001 WL 539656 (June 18, 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000) ("We see nothing in the Supreme Court decision in Apprendi which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b) . . . are unconstitutional on their face."), cert. denied, 121 S.Ct. 2015 (2001); United States v. Strachan, Nos. 99-4119, 99-4426, 2001 WL 208470, at

*5 n.* (4th Cir. Mar. 2, 2001) (unpublished).  We now join these courts in holding that § 841 remains constitutionally enforceable notwithstanding Apprendi.

At the heart of Cernobyl's argument is an assumption that we are bound by our pre-Apprendi holdings that drug quantity determinations under § 841(b)(1) are to be submitted to a judge for finding by a preponderance of the evidence. Whatever force those cases may have had in the past, we are now bound by the Supreme Court's interpretation of the Due Process Clause in Apprendi itself. Apprendi compels us to submit to a jury questions of fact that may increase a defendant's exposure to penalties, regardless of whether that fact is labeled an element or a sentencing factor. See 120 S.Ct. at 2365-66.  Thus, to the extent that Cernobyl relies on earlier cases holding that factual findings under § 841(b)(1) can be submitted to the district court under a preponderance of the evidence standard, his argument fails. See Jones, 235 F.3d at 1237 ("Apprendi strips [cases removing drug quantity determinations from a jury pursuant to § 841(b)] of their precedential value.").

Conceding for the purposes of argument that Apprendi requires drug quantities be proved beyond a reasonable doubt under § 841(b)(1), Cernobyl contends in the alternative that our holding in Jones treads impermissibly on the legislative powers of Congress by judicially rewriting the statute. Apprendi, however, does not hold that legislatures can no longer have separate statutory

provisions governing a substantive offense and sentencing factors, as is the case in § 841. It merely recognizes that the Due Process Clause entitles criminal defendants to certain procedural protections, regardless of whether a statutory provision is styled as a substantive offense or a sentencing factor. See Apprendi, 120 S.Ct. at 1265-66.

Moreover, application of Apprendi to § 841 is consistent with the plain language of the statute. Section 841(b) itself is silent on the question of what procedures courts are to use in implementing its provisions, and therefore the rule in Apprendi in no way conflicts with the explicit terms of the statute. To the contrary, our original interpretation of § 841 applied similar procedures for findings of fact under §§ 841(a) and (b). See Jones, 235 F.3d at 1237 (citing United States v. Crockett, 812 F.2d 626, 628-29 (10th Cir. 1987) (holding that drug quantities must be charged in an indictment to justify a sentence enhancement under § 841(b)(1))). The practice of allowing judges to sentence offenders on the basis of drug quantities that were neither charged in an indictment nor submitted to a jury arose only later, after the implementation of the Federal Sentencing Guidelines. See Jones, 235 F.3d at 1237 (citing United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir. 1990)).

In sum, we find no inconsistency between <u>Apprendi</u> and § 841 that would compel a conclusion that the statute as written is unconstitutional, and we proceed to consider whether the district court erred in applying the statute.

B.    <u>Sentencing Error</u>

The Government concedes that the district court plainly erred in its application of § 841(b) in light of <u>Apprendi</u>.  The Government's indictment of Cernobyl did not charge him with possessing any specific quantity of marijuana, and his plea agreement, while not in the record, apparently did not admit to possessing any specific quantity.

Rather, the district court based its sentence on a finding to a preponderance of the evidence that Cernobyl possessed sixty-six pounds of marijuana in the car that was stopped by Trooper Smith and thirty-five pounds of marijuana in his home.  In addition, the district court held that Cernobyl's admissions of long-term drug trafficking carried sufficient indicia of reliability to justify a finding that he had transported 100 pounds of marijuana per month for a period of three years. Based on these calculations, the district court held that the appropriate offense level under the Federal Sentencing Guidelines was thirty-two.  Taking into account a criminal history category of I and a two-level sentence reduction for acceptance of responsibility, the district court imposed a sentence of eighty-seven

months, which was at the low end of the Sentencing Guidelines range of eighty-seven to 108 months.

Section 841(b)(1)(D) sets forth a maximum sentence of five years, or sixty months, for persons convicted of possessing fewer than fifty kilograms of marijuana. See § 841(b)(1)(D) ("In the case of less than 50 kilograms of marihuana . . . such person shall . . . be sentenced to a term of imprisonment of not more than 5 years . . . ."). Because Cernobyl was neither indicted nor convicted of possessing more than fifty kilograms of marijuana, § 841(b)(1)(D) defines his maximum sentence exposure. See United States v. Norby, 225 F.3d 1053, 1059 (9th Cir. 2000) ("[U]nder Apprendi, the 'prescribed statutory maximum' for a single conviction under § 841 for an undetermined amount of marijuana is five years."). The district court's sentence of eighty-seven month's imprisonment exceeded this maximum sentence by twenty-seven months, and the sentence thus constituted an obvious error, satisfying the first two elements of the plain error standard.[1] For the same reason, we hold the error seriously affected

_____

[1]Even after Apprendi, district courts are empowered to make findings to a preponderance of the evidence in order to determine an appropriate offense level under the Sentencing Guidelines. See Heckard, 238 F.3d at 1235-36. Cf. Apprendi, 120 S.Ct. at 2361 n.13 (sentencing factors still may be submitted to a court under a preponderance standard, in "cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict"); Hishaw, 235 F.3d at 577 ("In our view, as long as the defendant's sentence falls within the maximum established by statute, Apprendi
(continued...)

- 11 -

Cernobyl's substantial rights. Finally, the fairness and integrity of the proceedings are in doubt. Cernobyl was not indicted with possession of marijuana on the basis of his admission of long-term drug dealing to Trooper Smith and the DEA agents, and the Government was never required to submit its evidence of such dealing to a fact finder for proof beyond a reasonable doubt. Furthermore, given that Cernobyl later retracted his admissions, the sole evidence supporting a sentence enhancement on this basis is now in dispute. Thus, this is not a case where we can avoid reversing Cernobyl's sentence because the evidence is overwhelming or uncontroverted. Cf. Keeling, 235 F.3d at 539-40. Accordingly, we hold the district court's sentence constitutes plain error.

Nevertheless, we do not believe the evidence relied upon by the district court was so lacking in minimum indicia of reliability as to be incapable of supporting the court's findings to a preponderance of the evidence. Cf. United States v. Ryan, 236 F.3d 1268, 1273 (10th Cir. 2001) ("When drug quantity is at issue, the government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence, and the evidence relied upon must have a minimum indicia of reliability." (citations and quotations

[1](...continued)
does not foreclose consideration of drug quantities beyond the offense of conviction."). In Cernobyl's case, however, the district court's consideration of uncharged quantities of marijuana elevated his sentence beyond the maximum allowed under the statute, and therefore falls afoul of Apprendi.

omitted)).  We review a district court's factual findings in this context for clear error, reversing "only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made."  Id.

In this case, the district court's findings were based primarily on Cernobyl's own admission that he had transported a minimum of 100 pounds of marijuana per month for a period of three years.  Although the $11,000 in cash and the marijuana found in Cernobyl's home were suppressed by the district court, the court was nevertheless entitled to consider them as evidence of relevant conduct for sentencing purposes.  Cf. id. at 1272 (a district court is entitled to consider evidence seized in violation of the Fourth Amendment during sentencing proceedings unless there is evidence the violation was committed with the intent to secure an increased sentence.)  Further, at Cernobyl's sentencing hearing a witness testified that Cernobyl had supplied him with marijuana in quantities ranging from a quarter pound to thirty pounds for a period of several months.

Thus, we reject Cernobyl's contention that the district court's findings of relevant conduct were unsupported on the record, and we remand only because the district court's sentence exceeded the statutory maximum of 60 months and thereby violated Apprendi.

## IV. CONCLUSION

Because the district court plainly erred imposing a sentence beyond the 60-month maximum allowed by 21 U.S.C. § 841(b)(1)(D), we VACATE Cernobyl's sentence and REMAND the case to the district court for re-sentencing in accordance with this opinion.