UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                          No. 00-4850

JOSEPH RUSSELL TYLER,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-00-83-F)

Submitted: September 10, 2001

Decided: September 25, 2001

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan Dubois, Assistant Federal Public Defender, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Russell Tyler pleaded guilty in July 2000 to the offense of importing cocaine and marijuana, in violation of 21 U.S.C.A. § 963 (West 1999). The criminal information charged that Tyler's offense involved approximately forty-eight kilograms of cocaine hydrochloride and approximately 338 kilograms of marijuana.* During the guilty plea proceeding, Tyler acknowledged that his sentencing range was from ten years to life imprisonment. After granting the Government's motion for a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (1998), the district court sentenced Tyler to a 138-month term of imprisonment. On appeal, Tyler challenges the constitutionality of the statutory sentencing scheme for his 21 U.S.C.A. § 963 offense and penalty provisions of 21 U.S.C.A. § 960 (West 1999 & Supp. 2001) after *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We reject Tyler's challenge to the constitutionality of the federal drug statutes. In essence, Tyler argues that in the context of 21 U.S.C.A. §§ 841, 846 (West 1999), because courts uniformly treated the criteria in § 841(b) permitting enhanced maximum sentences as sentencing factors prior to *Apprendi*, but have since identified those facts as elements of "aggravated drug trafficking offenses," *see, e.g.*, *United States v. Promise*, 255 F.3d 150, 152 n.1 (4th Cir. 2001), *Apprendi* renders § 841 internally inconsistent, and thus unconstitutional. However, because the sentencing factor label applied to the drug thresholds of § 841(b) is a purely judicial construct, the creation and use of which followed the enactment of § 841, we conclude the reassignment of these facts from sentencing factors to elements of the offense following *Apprendi* is not of constitutional moment. *See United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001) (citing cases from the Fifth, Seventh, and Eleventh Circuits dismissing constitutional challenges to § 841 in the wake of *Apprendi*); *see also Promise*, 255 F.3d at 168-74 (Luttig, J., concurring) (arguing the constitutional rule of *Apprendi* should not impact the statutory analy-

---

*Tyler waived prosecution by indictment and consented that the proceeding may be by information rather than by indictment.

sis of § 841). The same rationale applies to the sentencing scheme under 21 U.S.C.A. § 960, and therefore Tyler's claim fails.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*