**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                    No. 00-4230

JOSEPH BULLOCK,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-133)

Submitted: September 28, 2001

Decided: October 17, 2001

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

## COUNSEL

Craig Weston Sampson, Richmond, Virginia, for Appellant. Kenneth
E. Melson, United States Attorney, Michael C. Wallace, Sr., Assistant
United States Attorney, G. Wingate Grant, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Bullock appeals his guilty plea and sentence of 240 months' imprisonment on February 29, 2000 for conspiring to distribute one kilogram of heroin in violation of 21 U.S.C.A. §§ 846, 841 (West 1981 & Supp. 2001). In this appeal, Bullock argues the Government's failure to dismiss Count Two of his indictment, authorizing criminal forfeiture of two automobiles,[1] constitutes a breach of his plea agreement that entitles him to withdraw his plea. For the following reasons, we remand to the district court for further proceedings.

Because Bullock failed to raise this error before the district court at sentencing, he must demonstrate plain error in order to prevail on appeal. *United States v. Fant*, 974 F.2d 559, 562 (4th Cir. 1992). Specifically, Bullock must show the breach was "'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997) (*quoting Fant*, 974 F.2d at 565). However, on appeal, the Government concedes at least "technical error" in failing to move for dismissal of Count Two. Because the Government's failure to fulfill its obligations under a plea agreement affects the fairness, integrity or public reputation of judicial proceedings, we find Bullock has demonstrated plain error. *See McQueen*, 108 F.3d at 66.

Although we recognize the breach of Bullock's plea agreement, the parties disagree as to the proper remedy for that breach. Bullock contends he is entitled to rescission of the plea agreement in its entirety, rather than specific performance as the Government contends. Accordingly, we remand to the district court for a determination as to

_____

[1] We note one of those automobiles, a 1994 Infiniti J-30, was the subject of a 1998 administrative forfeiture.

the proper remedy.[2] *See United States v. Brown*, 500 F.2d 375, 378 (4th Cir. 1974). Furthermore, while we grant Bullock's motion to file a supplemental pro se brief and have considered his claims, we find them meritless.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*

---

[2]As for Bullock's ineffective assistance of counsel claims, we conclude that his claims are not conclusively established in the record on appeal. Such claims should be raised in a 28 U.S.C. § 2255 motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

[3]To the extent Bullock contends *Apprendi v. New Jersey*, 530 U.S. 466 (2000), renders 21 U.S.C.A. §§ 846, 841 (West 1999 & Supp. 2001) unconstitutional, we find that claim unavailing. *See United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001). Furthermore, we note both that the indictment charges Bullock with conspiring to distribute at least one kilogram of heroin, and that he received a 240-month sentence, indicating his sentence does not implicate *Apprendi*. *See United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc).