**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DEJON MITCHELL,

     Defendant - Appellant.

No. 01-3377
(D.C. Nos. 01-CV-3305-DES,
97-CR-40013-02-DES)
(D. Kansas)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Dejon Mitchell seeks a certificate of appealability (COA) from this court in order to appeal the district court's order denying the relief sought in his motion filed under 28 U.S.C. § 2255. We deny Mr. Mitchell's application and dismiss the appeal.

To be entitled to a COA, Mr. Mitchell must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). We will grant relief if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Mr. Mitchell pleaded guilty to distribution of forty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on March 30, 2000, to 108 months in prison. Judgment was entered April 10, 2000. Mr. Mitchell did not appeal.

On June 27, 2001, Mr. Mitchell filed his motion in the United States District Court for the Western District of New York. Because the motion was filed in the wrong court, it was transferred to the District of Kansas on July 24, 2001. The Kansas district court denied the motion without requesting a response from the government, finding that Mr. Mitchell was entitled to no relief. On appeal, Mr. Mitchell relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) to argue that (1) his conviction must be vacated because § 841 is unconstitutional and (2) his sentence must be vacated. He also contends that his attorney's failure to challenge the validity of § 841 constituted ineffective assistance of counsel; but because he did not raise this issue in district court, we do not consider it in deciding whether to issue a certificate of appealability. See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999) (issues raised for the first time on appeal will ordinarily not be considered).

We conclude that Mr. Mitchell cannot make the requisite showing to warrant issuance of a COA. We have held that Apprendi is "not retroactively applicable to initial habeas petitions." United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002). Moreover, we have determined that "§ 841 remains constitutionally enforceable notwithstanding Apprendi." United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001).

Hence, Mr. Mitchell has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate whether his § 2255 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). We deny a COA and DISMISS this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge