**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD RAY BROOMFIELD,

Defendant-Appellant.

No. 02-3150

(D. Kansas)

(01-CV-3328-DES)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the appellant's brief and appellate record, this panel has determined unanimously to honor appellant's request for decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is, therefore, ordered submitted without oral argument.

Donald Broomfield seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and sentence. In order for this court to grant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addressing the requirements for obtaining a certificate of appealability under § 2253(c), the Supreme Court stated that a defendant must show a substantial denial of a constitutional right by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## I. BACKGROUND

Mr. Broomfield was convicted on November 18, 1998 of possessing with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Mr. Broomfield was sentenced to 120 months' imprisonment and five years' supervised release, and his conviction was upheld on direct appeal. *See United States v. Broomfield*, 201 F.3d 1270 (10th Cir.), *cert. denied,* 531 U.S. 830 (2000).

Mr. Broomfield filed a pro se motion with the district court pursuant to 28 U.S.C. § 2255 to "vacate, set aside, or correct" his sentence, arguing that (1) he received ineffective assistance of counsel because trial counsel failed to inform him of the "safety valve" provision of the sentencing guidelines, *see* USSG §

5C1.2, (2) he qualified for a two-point reduction in offense level pursuant to USSG §2D1.1(b)(6), and (3) the district court erred when it applied 21 U.S.C. § 841, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court appointed counsel and held an evidentiary hearing on the ineffective assistance of counsel claim. The district court concluded that none of Mr. Broomfield's claims was meritorious and denied Mr. Broomfield a certificate of appealability. On appeal, Mr. Broomfield raises only the ineffective assistance claim and the constitutional challenge to 21 U.S.C. § 841.

## II. DISCUSSION

Counsel for defendant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating his belief that the record contains no meritorious issues for appeal. Defense counsel has also filed a motion requesting leave to withdraw as counsel, stating his belief that the issues raised on appeal are frivolous. As required, copies of counsel's *Anders* brief and motion to withdraw were provided to defendant. *See id.* at 744. Pursuant to our duty under *Anders*, we have conducted an independent review of Mr. Broomfield's conviction and sentence. We agree with counsel's conscientious review of the record and with his conclusion that the appeal is without merit.

As to Mr. Broomfield's ineffective assistance claim, Mr. Broomfield claims that his attorney failed to inform him of the safety valve provisions in USSG §

5C1.2. Mr. Broomfield's trial counsel testified at the evidentiary hearing that he had sent Mr. Broomfield a letter that set out the provisions of § 5C1.2's safety valve provisions. Mr. Broomfield testified however, either that he did not recall reading the paragraph that explained the safety valve provisions or that the copy of the letter that he received contained no such paragraph. Further hearing testimony also indicated that Mr. Broomfield was aware that his co-defendant had cooperated with the government and had received sentencing concessions in exchange for that cooperation, pursuant to § 5C1.2. The court found that the defendant had been informed about "the general operation of the safety valve provision." Rec. doc. 146, at 6 (Dist. Ct. Order, filed Apr. 4, 2002). We agree that Mr. Broomfield's ineffective assistance claim is without merit.

In his second argument on appeal, Mr. Broomfield asserts that, in the wake of *Apprendi*, the district court lacked authority to impose a sentence under § 841. This argument, however, as Mr. Broomfield's appellate counsel acknowledges, is foreclosed by our holding in *United States v. Cernobyl*, 255 F.3d 1215, 1219 (10th Cir. 2001) (joining other circuits in "holding that § 841 remains constitutionally enforceable" and noting that "*Apprendi* in no way conflicts with the explicit terms of the [§ 841]"). We agree that Mr. Broomfield's challenge to the constitutionality of § 841 is without merit.

## III. CONCLUSION

Because Mr. Broomfield has made no substantial showing of the denial of a constitutional right, we DENY his application for a certificate of appealability and DISMISS the appeal.  We GRANT counsel's motion to withdraw.


Entered for the Court,


Robert H. Henry
Circuit Judge