**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JOSE ANTONIO CARRASCO,

  Defendant-Appellant.

No. 01-2053
(D.C. No. CIV-00-995-LH/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jose Antonio Carrasco appeals from an order of the district court denying his petition seeking relief under 28 U.S.C. § 2255. We affirm.

In 1988, Mr. Carrasco was indicted with six other co-defendants. He was charged with conspiracy to possess and possession of more than 100 grams of methamphetamine and more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. All defendants entered guilty pleas. Mr. Carrasco was sentenced to concurrent terms of 262 and 240 months. He did not appeal.

Mr. Carrasco, proceeding pro se, then filed this timely § 2255 motion. He argued that (1) he had received ineffective assistance of counsel, (2) his guilty plea was improper under Apprendi v. New Jersey, 530 U.S. 466 (2000), and (3) 21 U.S.C. § 841 is unconstitutional. We granted a certificate of appealability (COA) on the issue of whether Mr. Carrasco received ineffective assistance of counsel because counsel simultaneously represented him and one co-defendant, Javier Lopez-Melgar. [1]

In reviewing the district court's ruling on a § 2255 motion, we may grant relief only if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to

---

[1] Mr. Carrasco raises several other ways in which his counsel was ineffective. We address only the issue on which a COA was granted.

-2-

collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "In reviewing an ineffective assistance of counsel claim based upon a conflict of interest, we review the district court's determination of whether an actual conflict existed de novo, and we review the district court's factual findings under a clearly erroneous standard." United States v. Gallegos, 108 F.3d 1272, 1279 (10th Cir. 19 97).

To prevail on an ineffective assistance of counsel claim due to an alleged conflict of interest, even if the trial court was aware or reasonably should have known of the potential conflict, the defendant must establish that an actual conflict of interest adversely affected his counsel's performance "as opposed to a mere theoretical division of loyalties." Mickens v. Taylor, 122 S. Ct. 1237, 1243 (2002); see also Cuyler v. Sullivan, 446 U.S. 335, 350 (1980) (mere possibility of conflict of interest "is insufficient to impugn a criminal conviction").

> An actual conflict of interest results if counsel was forced to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance. Indeed, to demonstrate an actual conflict of interest, the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party.

United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 19 98) (citations and quotations omitted); see also Cuyler , 446 U.S. at 356 n.3 (Marshall, J., concurring

-3-

in part and dissenting in part) (petitioner can show actual conflict of interest by establishing that his and his co-defendants' interests "diverge[d] with respect to a material factual or legal issue or to a course of action"); United States v Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990) ("[D]efense counsel's performance was adversely affected by an actual conflict of interest if a specific and seemingly valid or genuine alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with his duties to others . . . .").

The same counsel represented both Mr. Carrasco and another co-defendant, Guadalupe Natividad-Saenz. The court held a hearing pursuant to Fed. R. Crim. P. 44, and Mr. Carrasco waived the conflict with Mr. Natividad-Saenz. [2] Mr. Carrasco contends, however, he was not aware that at one point, his counsel also represented Javier Lopez-Melgar. Mr. Carrasco maintains he would not have waived the conflict as to Mr. Lopez-Melgar.

Mr. Carrasco states that, due to the conflict, counsel told him not to tell the government about the other defendants' roles in the conspiracy, refused to accompany him to the debriefing session with the government, misadvised him as to the possible sentence he faced, and did not obtain a plea agreement for him.

---

[2] Mr. Carrasco maintains he was unaware that he waived the conflict. The record belies this contention.

-4-

Mr. Carrasco's allegations are purely speculative. No defendant presented evidence implicating another defendant. Mr. Carrasco has failed to show that counsel made choices advancing Mr. Lopez-Melgar's interests to Mr. Carrasco's detriment. Mr. Carrasco does not contest the fact that he received the lowest possible sentence permissible under the guidelines based on the facts he admitted in entering his plea. Consequently, lacking a showing of specific instances where counsel's performance was adversely affected by his representation of both Mr. Carrasco and Mr. Lopez-Melgar, we hold the district court did not err in rejecting Mr. Carrasco's claim of ineffective assistance of counsel based on his attorney's representation of Mr. Lopez-Melgar.

Mr. Carrasco urges us to also consider the issues on which a certificate of appealability was not granted. Even if we were to consider them, they are without merit. See United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.) (Apprendi "is not retroactively applicable to initial habeas petitions"), cert. denied, 123 S. Ct. 388 (2002); United States v. Cernobyl, 255 F.3d 1215, 1218-19 (10th Cir. 2001) (§ 841(b)(1) not unconstitutional due to Apprendi).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge