**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 27, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS CANAL DAVIS,

Defendant - Appellant.

No. 05-3399
(D. Ct. No.04-CR-40153-01-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Thomas Canal Davis pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C § 922(g) and was sentenced to 57 months of incarceration. Mr. Davis appeals the District Court's application of United

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States Sentencing Guidelines Manual ("U.S.S.G") § 2K2.1(b)(5), which provides for a four-level increase in the base offense level if the possession of the firearm was in connection with another felony. He also argues that his sentence is unreasonable. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On November 10, 2004 Topeka Police Department Officers Dan Geller and Brad McCarter were in a marked patrol car when Officer McCarter saw Mr. Davis in an approaching vehicle. Aware that Mr. Davis was wanted for questioning and had a warrant outstanding, the officers attempted to stop the vehicle by activating the emergency lights and siren.

Rather than pulling over, Mr. Davis sped toward a residential neighborhood. Officer McCarter estimated Mr. Davis' speed at 55 mph and saw him run several stop signs. Additionally, the Officers saw Mr. Davis dispose of several baggies during the pursuit. While approaching one intersection, Mr. Davis jumped from his moving car and ran past the patrol vehicle.

Officer McCarter saw a black pistol in Mr. Davis' right hand as he ran past the patrol car. Officer McCarter then yelled for Mr. Davis to stop and drop his weapon, but Mr. Davis continued to run. Believing Mr. Davis was running in order to get into position to be able to fire at them, Officer McCarter shot twice at Mr. Davis. Both shots missed, but after another request to stop, the officer fired once more. The shot hit Mr. Davis in the back, and the handgun was later found 10–15 feet from where Mr. Davis fell.

Mr. Davis informed the officers that he had been attempting to dispose of the gun when he carried it with him upon leaving his car.

On October 7, 2005, Mr. Davis entered a guilty plea to possession of a firearm by a felon. According to the presentence report, the initial calculated offense level was twenty. U.S.S.G. § 2K2.1(a)(4). Additionally, a four-level enhancement was recommended because Mr. Davis possessed the firearm in connection with another felony—namely, fleeing and eluding.[1] *See* U.S.S.G § 2K2.1(b)(5). Finally, the presentence report recommended a three-level decrease for acceptance of responsibility. *See* U.S.S.G § 3E1.1. With a criminal history of category IV, the advisory Guidelines range as recommended by the presentence report was 57–71 months. The District Court followed the presentence report and sentenced Mr. Davis to 57 months.

## II. DISCUSSION

A.    The District Court did not err under *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Davis argues that the four-level enhancement violates *Booker* because he neither pleaded guilty to fleeing and eluding nor did a jury convict him of that crime. We disagree. Mr. Davis was sentenced under an advisory, rather than mandatory, scheme. Accordingly, the District Court did not engage in prohibited fact-finding. *See United States v. Lawrence,* 405 F.3rd 888, 906–07 (10th Cir. 2005).

B.    The District Court properly enhanced Mr. Davis' offense level under §

---

[1] Under Kansas law, a person commits a felony by fleeing from and eluding the police while driving recklessly. Kan. Stat. Ann. § 8-1568(a), (b)(1)(C), (c)(4).

2K2.1(b)(5).

Section § 2K2.1(b)(5) directs a sentencing court to increase the base offense level for possession of a firearm by a convicted felon by four if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." Mr. Davis maintains that the gun was not possessed in connection with the felony of fleeing and eluding because he never used the gun in a manner to aid in his escape, and because he neither aimed nor fired the gun at the pursuing officers.

Whether a firearm was possessed in connection with an offense under § 2K2.1(b)(5) is a factual finding reviewable only for clear error. *See United States v. Brown*, 314 F.3d 1216, 1225 (10th Cir. 2003). Under this standard, we will not reverse the finding of the district court unless "the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." *United States v. Cernobyl*, 255 F.3d 1215, 1221 (10th Cir. 2001).

We begin with the meaning of the phrase "in connection with" as used in § 2K2.1(b)(5). As this court has previously recognized, "[e]xcept for its plain language, § 2K2.1(b)(5) provides little guidance regarding the nexus required between firearm possession and the felony offense." *Brown*, 314 F.3d at 1222. Therefore, we have often turned to our interpretation of the phrase "during and in relation to" as used in 18 U.S.C § 924(c). *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998). Generally, "if the weapon facilitated or *had the potential to facilitate* the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate." *Id.* (emphasis added).

- 4 -

In this case, Mr. Davis was first pursued by the officers in a vehicle chase which then continued on foot. Almost immediately after exiting the vehicle, Officer McCarter saw Mr. Davis carrying a pistol. Although Mr. Davis stated that he brought the gun from his car merely to dispose of it, we note that Mr. Davis was seen throwing "baggies" out the window while driving, which demonstrates an earlier opportunity to discard the firearm if that was in fact his wish. In our view, the reasonable implication of Mr. Davis' choice to dispose of the baggies first and hold onto the gun until later is that he anticipated a further purpose for the gun.

Moreover, the presence of a gun in the hands of a fleeing suspect requires the officers to be additionally cautious due to the elevated risk involved. In this way, the presence of a firearm requires changes in the tactics used to apprehend the suspect. For example, the officers must be aware of possible cover in case of gunfire, consider the potential for uninvolved victims, and be ready to render aid if someone is hurt. These additional concerns clearly contribute to difficulty in capturing the suspect. We therefore conclude that the District Court did not clearly err in finding Mr. Davis' possession of the firearm facilitated or had the potential to facilitate his escape from the police.

C.    Mr. Davis' sentence is reasonable.

We review Mr. Davis' sentence for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Because Mr. Davis was sentenced within the properly calculated guideline range, his sentence is presumptively reasonable. *Id.* at 1054. The burden to rebut this presumption in light of the factors set forth at 18 U.S.C. § 3553(a)

rests with Mr. Davis. *Id.* at 1055. To this end, Mr. Davis argues that a downward variance was warranted in this case because he suffered a "collateral consequence"—namely, a bullet wound during his attempted escape from the police.

We disagree. To begin, Mr. Davis makes no attempt to explain how being injured while fleeing from authorities relates to any particular § 3553(a) factor. Moreover, the two cases on which he relies are clearly distinguishable. In *United States v. Ranum,* 353 F. Supp. 2d 984, 991 (E.D. Wis. 2005), the district court granted a downward variance in part because of the collateral consequence the conviction carried with it: the defendant lost his career. In *United States v. Pacheco-Soto*, 386 F. Supp. 2d 1198, 1204–1206 (D. N.M. 2005), the court considered the collateral consequences of deportable alien status, such as ineligibility for more lenient conditions of confinement. Neither circumstance is present here. Accordingly, Mr. Davis has not demonstrated that his sentence is unreasonable.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge