**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee/Cross-
     Appellant,

v.

EDGAR SOLIS,

     Defendant - Appellant/Cross-
     Appellee.

Nos. 17-2027 & 17-2035
(D.C. No. 1:13-CR-03895-MCA-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

In 2016, a jury found Defendant guilty of attempting to possess with intent to

distribute 500 grams or more of a substance containing a detectable amount of cocaine

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The presentence

investigation report (PSR) noted the U.S. Sentencing Guidelines advised a range of

imprisonment from 151 to 188 months and noted Defendant was subject to a five-year

mandatory minimum term of imprisonment. Nonetheless, the district court sentenced

Defendant to 50 months' imprisonment. Both Defendant and the Government appealed

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate Defendant's sentence.

I.

The parties are aware of the facts that led to the criminal prosecution of Defendant. We recount only the facts necessary to resolve the legal issues before us today. Defendant was involved in an attempted purchase of five kilograms of cocaine from undercover officers. Subsequently, a grand jury indicted Defendant on five counts, including attempting to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine. Defendant proceeded to jury trial. After hearing all of the evidence, the district court dismissed four of the counts, leaving only the attempting to possess with intent to distribute count. The jury found Defendant guilty.

Defendant's PSR calculated the Guidelines imprisonment range to be 151 months to 188 months. The PSR also explained, under § 841(b)(1)(B), the minimum term of imprisonment was five years. The PSR noted it used five kilograms of cocaine in calculating Defendant's base offense level. Defendant objected to the PSR because, among other things, he asserted there was insufficient evidence to establish he was aware the attempted transaction concerned more than one kilogram of cocaine. Defendant requested a downward variance from the guideline range for numerous reasons, including to avoid creating an unwarranted disparity between his sentence and his co-defendant's 37-month sentence. In response, the Government argued a sentence of imprisonment within the Guidelines range was appropriate and noted that Defendant

2

was subject to a five-year mandatory minimum. The Government also argued the evidence showed Defendant was aware the cocaine deal involved five kilograms.

The district court held five kilograms of cocaine should be attributed to Defendant because "[p]ursuant to Guideline 1B1.3, Application Note 4, it is unnecessary for the defendant to have full knowledge of the amount of the controlled substance." ROA Vol. III at 89. Additionally, the district court rejected most of Defendant's arguments for a downward variance but ultimately varied downward to 50 months' imprisonment. In so doing, the district court explained that such a "substantial variance" was appropriate in this case because of Defendant's personal history and characteristics, including his struggle with addiction, and the need to avoid any unwarranted sentence disparities. *Id.* at 115–16; *see* 18 U.S.C. § 3553(a). The Government reiterated that a five-year mandatory minimum sentence was "legally required" by § 841(b)(1)(B). *Id.* at 120. Defendant insisted otherwise because the jury had not specifically found the 500-gram quantity by a special interrogatory. The district court announced the court's 50-month sentence would stand. Both parties filed timely notices of appeal.

II.

The sole issue Defendant raises on appeal is that the district court erred in its calculation of the quantity of drugs attributable to Defendant under U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.3. We review the district court's calculation for clear error. *See United States v. Ryan*, 236 F.3d 1268, 1273 (10th Cir. 2001). Section

1B1.3(a)(1) provides that, among other things, a defendant's base offense level must be determined based on:

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity . . . , all acts and omissions of others that were—
>
> (i) within the scope of the jointly undertaken criminal activity,
>
> (ii) in furtherance of that criminal activity, and
>
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

U.S. Sentencing Guidelines Manual § 1B1.3(a)(1). A defendant can be "accountable for particular conduct" under more than one subsection of § 1B1.3. *Id.* § 1B1.3 cmt. nn.2, 4(A)(i).

Defendant argues, under § 1B1.3(a)(1)(B), he could only be held responsible for the amount of drugs that was "reasonably foreseeable" to him. Therefore, in Defendant's view, the district court should have determined Defendant's base offense level based on one kilogram of cocaine, rather than five kilograms. In making this argument, Defendant completely disregards § 1B1.3(a)(1)(A), which makes a defendant who directly participates in a drug transaction "responsible for 'all acts . . . committed, aided, [and] abetted . . . by the defendant' *without regard to foreseeability*." *United States v. McCullah*, 76 F.3d 1087, 1105 (10th Cir. 1996) (emphasis added). In *McCullah*, the defendant was sentenced in a drug conspiracy

4

conviction based on a 91-kilogram shipment of drugs that the conspiracy involved. *Id.* The defendant challenged this sentence, arguing there was no evidence he was aware the drugs weighed 91 kilograms. *Id.* We rejected this argument because reasonable foreseeability does not factor into § 1B1.3(a)(1)(A). *Id.*[1]

As the district court noted, the Guidelines commentary supports this interpretation as well. The Guidelines explain that a defendant caught with others off-loading marijuana from a ship is accountable for the entire amount of marijuana seized, regardless of the number of bales the defendant personally unloaded. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) cmt. n.4. Because the defendant aided and abetted the off-loading of the entire shipment, he is "accountable for the entire shipment under subsection (a)(1)(A) without regard to the issue of reasonable foreseeability." *Id.*

In light of *McCullah* and the Guidelines commentary, Defendant's argument that he is responsible for only one kilogram of cocaine because that is all that was reasonably foreseeable to him fails. As one who directly participated in the attempted drug transaction, Defendant is "accountable for the entire [amount of drugs] under subsection (a)(1)(A) without regard to the issue of reasonable foreseeability."[2] *See id.*

---

[1] Defendant attempts to distinguish *McCullah* because *McCullah* involved a conspiracy conviction on plain error review. But *McCullah*'s holding that § 1B1.3(a)(1)(A) operates without regard to reasonable foreseeability clearly was not limited to conspiracy convictions on plain error review and is, instead, binding authority directly applicable to this case.

[2] Because of this, we need not determine as a factual matter whether it was reasonably foreseeable that the drug transaction involved five kilograms of cocaine.

Therefore, the district court did not err in sentencing Defendant based on the five-kilogram amount of cocaine involved in the transaction.

III.

The Government argues the district court erred in failing to impose a mandatory minimum sentence of five years. We "generally review[] sentencing decisions under an abuse of discretion standard, asking if the sentence imposed was both procedurally and substantively reasonable." *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law, or where the trial court fails to consider the applicable legal standard." *United States v. Hasan*, 609 F.3d 1121, 1127 (10th Cir. 2010) (citations and internal quotations omitted).

A defendant who possesses with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine . . . shall be sentenced to a term of imprisonment which may not be less than 5 years . . . ." 21 U.S.C. § 841(b)(1)(B). The two exceptions to this rule are when a defendant benefits from a substantial assistance motion under 18 U.S.C. § 3553(e) and when a defendant qualifies for the statutory safety valve under 18 U.S.C. § 3553(f). *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1089–90 (10th Cir. 2007). When no exception applies, "a district court has no discretion to depart from a statutorily mandated minimum sentence under 21 U.S.C. § 841 . . . ." *Cornelius*, 696 F.3d at 1326.

Defendant does not argue (and it does not appear) that an exception to § 841(b)(1)(B) applies, nor does Defendant dispute the district court lacked discretion

6

to depart from the mandatory minimum. *See* Def. 3d Br. on Cross-Appeal at 2 ("[A] district court has no discretion to depart from a statutorily mandated minimum sentence under 21 U.S.C. § 841 . . . ."). Instead, Defendant argues he was not subject to § 841(b)(1)(B) in the first place because the jury did not find the quantity of cocaine by a special interrogatory.

The law requires no such thing. "[T]o increase a defendant's sentence for a conviction pursuant to § 841, drug quantities must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt." *United States v. Cernobyl*, 255 F.3d 1215, 1218 (10th Cir. 2001). As Defendant acknowledges, these requirements are met in this case. The indictment charged Defendant with "unlawfully, knowingly and intentionally attempt[ing] to possess with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of cocaine." ROA Vol. I at 772. The district court instructed the jury it must be convinced the Government proved beyond a reasonable doubt "the amount of cocaine that defendant intended to possess was at least 500 grams." *Id.* at 846; *see also id.* at 847. And the jury was indeed convinced the Government proved such beyond a reasonable doubt. *Id.* at 864. We see no reason to extend the law to require drug quantities to be submitted to a jury in an interrogatory or special-verdict form when they already must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. Because Defendant was properly subject to § 841(b)(1)(B) and the district court had no discretion to depart from the five-year

7

mandatory minimum required by this statute, the district court erred in sentencing Defendant to 50 months' imprisonment.

We therefore VACATE Defendant's sentence and REMAND to the district court for the sole purpose of resentencing Defendant consistent with the mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(B).

                                        Entered for the Court


                                        Bobby R. Baldock
                                        Circuit Judge