# PUBLISH

# UNITED STATES COURT OF APPEALS

<u>**Filed 12/31/96**</u>

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GUESSINIA VERNERS, a/k/a
GUESSINIA HOLLAND,

     Defendant-Appellant,

No. 95-5235

---

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 93-CR-001-02-C)

---

Submitted on the Briefs:

Stephen C. Lewis, United States Attorney, and Allen J. Litchfield, Assistant
United States Attorney, Tulsa, Oklahoma, on the brief for Plaintiff-Appellee.

C.W. Hack of Tulsa, Oklahoma, on the brief for Defendant-Appellant.

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Guessinia Verners was convicted of possession of cocaine base with intent to distribute, establishment of manufacturing operations, and aiding and abetting her co-defendant Laroon Verners in the commission of those crimes, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 856(a)(1), and 18 U.S.C. § 2. She was sentenced to a term of imprisonment of 151 months, followed by a ten year period of supervised release. On direct appeal we reversed all convictions except that of aiding and abetting the cocaine base possession charge. United States v. Verners, 53 F.3d 291, 298 (10th Cir. 1995). Ms. Verners now appeals her resentencing on remand. We affirm.[1]

Ms. Verners asserts that the district court erred at resentencing when it imposed the mandatory minimum sentence of 120 months and a five year period of supervised release.[2] She argues that she should have received a lesser sentence as allowed under 18 U.S.C. § 3553(f) and USSG § 5C1.2 (1995) for "relatively less culpable offenders," United States v. Acosta-Olivas, 71 F.3d 375, 379 (10th

---

[1]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a); 10th CIR. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

[2]If the statutory minimum sentence did not apply, Ms. Verners would be subject to no more than a sentence of between 78 and 97 months. Resentencing Tr. at 6.

Cir. 1995), or as allowed by the existence of a "mitigating circumstance" under 18 U.S.C. 3553(b). We will consider each of these assertions in turn.[3]

"We review the district court's application of the Sentencing Guidelines de novo, and its factual findings for clear error." United States v. Jaramillo, 98 F.3d 521, 525 (10th Cir.), cert. denied, 65 U.S.L.W. 3369 (Nov. 18, 1996). "[A] district court's application of the correct legal standard to a particular defendant . . . would ordinarily be reviewed for clear error." Acosta-Olivas, 71 F.3d at 378 n.3.

Section 5C1.2 provides "the court shall impose a sentence . . . without regard to any statutory minimum sentence, if the court finds" at sentencing that the defendant has met each of five[4] specific criteria set out in subsections (1)

---

[3]The Government argues that "because the sentencing court clearly understood its own ability to depart, and the fact that the guidelines were properly applied, this appeal is outside the jurisdiction of this Court." Aplee. Br. at 3. The Government relies on a statement by this court made in review of a discretionary sentencing departure, in which we said "[a]bsent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." United States v. Belt, 89 F.3d 710, 714 (10th Cir. 1996). However, the provision at issue here, USSG § 5C1.2, is not discretionary; it requires a departure from the minimum sentence on finding that certain conditions are met. Id. ("the court *shall* impose a sentence . . . without regard to any statutory minimum sentence") (emphasis added). We therefore have jurisdiction to review the district court's findings under the standard of review set out in the text.

[4]The five criteria are:

(continued...)

through (5). USSG § 5C1.2; 18 U.S.C. § 3553(f). The Government and Ms. Verners agree that she meets the first four relatively objective criteria in section 5C1.2. The disagreement arises with regard to her compliance with subsection 5, which requires a defendant to "truthfully tell all [s]he knows to the government," Acosta-Olivas, 71 F.3d at 379. To satisfy subsection 5, a defendant must tell the Government about both his or her involvement, and also what he or she knows about the involvement of other participants in the crime. Id.

---

[4](...continued)

(1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)    the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)    the offense did not result in death or serious bodily injury to any person;

(4)    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5)    not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

USSG § 5C1.2.

Generally, the burden is on the defendant to show that a reduction in sentencing is appropriate. See, e.g., United States v. Ayers, 84 F.3d 382, 383 (10th Cir. 1996) ("It is the defendant's burden to establish by a preponderance of the evidence that he or she is entitled to an offense reduction [under § 3B1.2]."); United States v. Gassaway, 81 F.3d 920, 922 (10th Cir. 1996) ("A defendant bears the burden of establishing his entitlement to a two-level reduction under § 3E1.1."). Although we have not previously ruled in this circuit on the burden as applied to USSG § 5C1.2, we now follow the reasoning set out by other circuits and hold that the defendant has the burden of proving, by a preponderance of the evidence, the applicability of this section. See United States v. Ramirez, 94 F.3d 1095, 1100-1102 (7th Cir. 1996) (holding that burden of showing compliance with USSG § 5C1.2 is on defendant, and commenting on analysis of and similar conclusion reached by First, D.C., Fourth, Fifth, Sixth, and Ninth Circuits); United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir. 1996) (holding defendant "had the burden of proving, by a preponderance of the evidence, that she qualified for the safety valve provisions" of § 5C1.2), petition for cert. filed No. 96-6223 (Oct. 4, 1996).

Ms. Verners asserted to the district court and reasserts here that she has given to the Government all the information she is aware of on the matter, and thus has satisfied subsection 5. The record indicates otherwise.

At trial, a statement allegedly made by Ms. Verners indicating her awareness of the presence of cocaine in her house was admitted against her and formed part of the basis of her aiding and abetting conviction. Verners, 53 F.3d at 294. Although the statement was disputed at trial, in Ms. Verners' written objections to the presentence report she admitted that she made the statement. Rec. at Doc. 94. At the resentencing hearing, Ms. Verners was given the opportunity to comment on her knowledge of the crime and of other participants, and she declined to do so. Resentencing Tr. at 7, 19. In fact, rather than discussing the offense at the hearing, her attorney conceded that she continued to deny it. Resentencing Tr. at 8. However, her statement indicating her knowledge of the drug activity in her house demonstrates that Ms. Verners did know something about the crimes, contrary to her assertion that she knew nothing.

It is clear there is reason to believe that Ms. Verners has undisclosed information about the offense for which she was convicted and that, although she was offered the opportunity, she has not "truthfully provided to the Government all information and evidence [which she has] concerning the offense." USSG § 5C1.2. It was not clearly erroneous for the district court to conclude that Ms. Verners failed to meet her burden of showing she was due a downward departure under section 5C1.2.

Ms. Verners also contends that there existed mitigating circumstances "not taken into consideration by the Sentencing Commission," 18 U.S.C. § 3553(b), which should have reduced her sentence, and that by failing expressly to rule on this issue the district court indicated its mistaken belief that it lacked authority to grant a downward departure. Section 3553(b) gives a district judge discretion to depart from a guidelines sentence if certain mitigating circumstances are present. Id. However, Ms. Verners sentence is not a guidelines sentence. Rather, it is a mandatory minimum sentence imposed by statute. 21 U.S.C. § 841(b)(1)(A). We have held that the district court has no discretion to depart from a statutory minimum sentence for section 3553(b) mitigating circumstances. United States v. Mosley, 965 F.2d 906, 916 (10th Cir. 1992). Consequently, the district court did not err in failing to rule on the request for a section 3553(b) departure.

For the reasons stated above, we AFFIRM the district court's resentencing of Ms. Verners.