**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFER TYRONE SOWELL,

Defendant-Appellant.

No. 99-6187
(D.C. No. CR-98-61-R)
(W. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **HENRY,** Circuit Judges.

After pleading guilty to possessing 90 grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1), Rafer Tyrone Sowell challenges his sentence of 168 months in prison. Mr. Sowell asserts the district court erred in (1) failing to grant a sentence reduction pursuant to U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2, and (2) applying the relevant conduct rule to hold him

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

responsible for a quantity of drugs for which he disclaims personal knowledge or responsibility. We affirm.

Mr. Sowell argues that he should have been granted a reduction in sentence under U.S.S.G. § 2D.1.1(b)(6), which applies the "safety valve provision" of U.S.S.G. § 5C1.2. Section 5C1.2 is intended to moderate sentences for certain relatively less culpable defendants who meet a list of five criteria set out in 18 U.S.C. § 3553(f) and copied in the Guidelines. The Government does not dispute that Mr. Sowell met the first four of the five criteria: namely, that he had no more than one criminal history point, posed no threat of violence, did not cause death or serious bodily injury in the course of his offense, and was not an organizer or leader of others in carrying out the offense. *See* U.S.S.G. § 5C1.2.

The parties disagree, on the other hand, over application of the fifth criterion, that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," whether or not the information proves to be useful to further Government investigation. *Id.* Mr. Sowell provided information to the Government as part of his plea agreement, and in return the Government sent to the district court a confidential memorandum acknowledging his assistance. Mr. Sowell argues that this memorandum sufficed to meet the fifth criterion of § 5C1.2, and that the

court should have granted a sentence reduction *sua sponte* upon recognizing that the criteria were met.

This "safety valve" question was never raised during sentencing proceedings below. Normally, failure to object to a factual issue during the sentencing phase will preclude appellate review, though we do "recognize a narrow exception and review a legal question involving application of the sentencing guidelines for plain error." *United States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997); *see also* Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). The plain error exception applies only to errors which are "particularly egregious, as well as obvious and substantial," and which would lead to a "miscarriage of justice" if not corrected on appeal. *Gilkey*, 118 F.3d at 704, quoting *United States v. Ivy*, 83 F.3d 1266, 1295 (10th Cir. 1996); *see also United States v. Olano*, 507 U.S. 725 (1993) (discussing the "plain error" standard).

When a factual issue is not raised below, there is no record upon which to base our review. *See United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991), *overruled on other grounds*, *Stinson v. United States*, 508 U.S. 36 (1993). Thus, "questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991), *quoted in Saucedo*, 950 F.2d at 1518. Whether a

defendant meets the fifth section 5C1.2 criterion is a question of fact. *See, e.g.,* *United States v. Roman-Zarate*, 115 F.3d 778, 784-85 (10th Cir. 1997) (reviewing the record under a fact-based, "clear error" standard and determining the defendant did not meet the burden of proving he shared all the information he knew); *United States v. Verners*, 103 F.3d 108, 110-11 (10th Cir. 1996) (same).

Although Mr. Sowell argues that the facts were undisputed because the Government admitted he had shared potentially useful information, the section 5C1.2 standard requires that a defendant prove he voluntarily and truthfully disclosed *all* the information in his possession, which can be a difficult standard to meet. *See, e.g.*, *United States v. Acosta-Olivas*, 71 F.3d 375, 378-79 (10th Cir. 1995) (listing cases in which defendants were unable to meet the standard). Had he raised the section 5C1.2 issue prior to sentencing, the district court could have evaluated the record and made specific findings regarding his ability to meet the criteria, *see United States v. Gama-Bastidas*, 142 F.3d 1233, 1242 (10th Cir. 1998), but since he did not raise the issue, any failure of the district court to do so *sua sponte* can not rise to the extreme level of a "plain error."[1]

---

[1] The Government asserts in its brief that the safety valve question, as a factual issue, should be waived entirely by Mr. Sowell's failure to inject it into the proceedings below. Because we conclude there was no plain error in this situation, we do not consider the question of waiver.

Mr. Sowell also asserts that the district court incorrectly applied the "relevant conduct rule" of U.S.S.G. § 1B1.3(a)(1)(B) in attributing to him responsibility for roughly 1,700 grams of cocaine base found in the closet of a bedroom in which he had slept. Through application of this rule, a defendant may be held responsible for the "relevant conduct" of co-conspirators, whether or not the crime was charged as a conspiracy. The district court's calculation of applicable drug quantity is a finding of fact, which we will review for clear error. *See United States v. Green*, 175 F.3d 822, 837 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 132 (1999).

At sentencing, the Government was responsible for proving by a preponderance of the evidence the quantity of drugs for which Mr. Sowell would be held responsible. *See id*. at 836-37. Mr. Sowell accepted responsibility for 1,096 grams of cocaine base at sentencing. The government alleged that after application of the relevant conduct doctrine he should be held responsible for over 5,400 grams. Since the amount of drugs becomes moot above 1,500 grams (1.5 kilograms), however, the government confined its arguments to the 1,700 grams found in the apartment of the girlfriend of Mr. Sowell's co-conspirator, Rodney Arceneaux. The drugs were in the closet of a bedroom in which Mr. Sowell had spent the night, but he asserted that he knew nothing about them. The drug packaging bore none of his fingerprints, and the evidence provided no reason

to believe he had ever entered the closet. Nevertheless, in calculating a defendant's base drug possession amount at sentencing, the district court is not limited to drugs that were personally owned or handled by the defendant. *See United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998). "Instead, the court may sentence the defendant based on the total amount of drugs which he reasonably foresaw or which fell within the scope of his particular agreement with the conspirators." *Id.* (internal quotations omitted); *see also* U.S.S.G. § 1B1.3, comment. n.2.

The scope of this "relevant conduct" may differ from the scope of the criminal conspiracy as a whole, and includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Melton*, 131 F.3d 1400, 1403 (10th Cir. 1997). At sentencing, the district court should "analyze, and make 'particularized findings' about, the scope of the specific agreement the individual defendant joined in relation to the conspiracy as a whole." *Id.* at 1404. Here, the district court found that Mr. Sowell and Rodney Arceneaux, the established owner of the 1,700 grams, were co-conspirators who worked together in bringing the drugs to Oklahoma City. This finding was supported by testimony and telephone call transcripts implying that the two men planned to sell a substantial quantity of drugs while in town. The Presentence Investigation Report reveals further details from which the

district court could reasonably conclude that Mr. Sowell and Mr. Arceneaux engaged in several years of joint crack distribution activities in Houston and Oklahoma City and that they were known to deal in quantities ranging above two kilograms. It was therefore not clear error for the district court to determine that the particular 1,700 grams of cocaine base in question were a foreseeable part of the drug distribution conspiracy and thus applicable to Mr. Sowell's base possession amount through the doctrine of relevant conduct.

For the foregoing reasons, Rafer Tyrone Sowell's sentence of 168 months' imprisonment is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge