**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE PELAYO ARCINIEGA,

Defendant-Appellant.

No. 00-8085
(D.C. No. 00-CR-49)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant pled guilty to one count of possessing approximately two pounds of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841, and he was sentenced to the statutory minimum term of ten years, *see id.* § 841(b)(1)(A)(viii). His attorney has filed an *Anders*[1] brief on appeal, stating there are no non-frivolous issues for appeal, and has moved to withdraw. Defendant has filed a pro se statement raising three sentencing issues: 1) the district court should have granted him a sentence reduction under the safety valve provision of 18 U.S.C. § 3553(f); 2) the district court should not have imposed the statutory minimum sentence; and 3) the penalty provisions of § 841(b)(1)(A), (B) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant also has filed a Petition for Hearing En Banc because his third issue implicates two Tenth Circuit opinions that defendant argues were wrongly decided. Based upon our independent review of the record, we conclude that defendant's claims are frivolous and dismiss the appeal.

The "safety valve" provision of 18 U.S.C. § 3553(f) directs a district court to impose a sentence for a violation of § 841 under the applicable guidelines, without considering any statutory minimum, if the court finds that the defendant meets five requirements. "The burden of proving all five requirements by a preponderance of the evidence lies with the defendant." *United States v.*

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

*Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1998). "We review the district court's determination of a particular defendant's eligibility for relief under § 3553(f) for clear error." *United States v. Saffo*, 227 F.3d 1260, 1272 (10th Cir. 2000) (quotation omitted), *cert. denied*, 121 S. Ct. 1608 (2001).

The district court determined that defendant was not eligible for the safety valve reduction because he did not satisfy the fifth requirement, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," 18 U.S.C. § 3553(f)(5). To satisfy this requirement, defendant had to tell the government about his own involvement in the offense, as well as what he knew about the involvement of others. *United States v. Verners*, 103 F.3d 108, 110 (10th Cir. 1996). Based on the evidence before it, the district court found that defendant had not told the government everything he knew. The court did not find credible defendant's assertions that he was an extremely minimal participant and knew nothing about the distribution scheme. *See Gonzalez-Montoya*, 161 F.3d at 652 (holding that trial court is free to disbelieve defendant's assertions). Our review of the record fully supports the district court's determination. Defendant's arguments to the contrary are frivolous.

Defendant next contends that the district court should have imposed a sentence under the guidelines without regard to the statutory minimum, because the terms of the plea agreement were not sufficient to trigger the statutory minimum sentence. Relying on our opinion in *United States v. Santos*, 195 F.3d 549 (10th Cir. 1999), defendant argues that his stipulation in the plea agreement to possession of more than 500 but less than 1500 grams of methamphetamine for purposes of relevant conduct under § 1B1.3 of the U.S. Sentencing Guidelines Manual could not be used to trigger the statutory minimum sentence.

Because defendant did not raise this issue in the district court, we review it only for plain error. Fed. R. Crim. P. 52(b).

> Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Combs*, 267 F.3d 1167, 1181 (10th Cir. 2001) (quotation omitted; alteration in original). Here, there was no error.

Under the terms of the plea agreement, defendant pled guilty to count one of the indictment, which charged that he "knowingly, intentionally, and unlawfully possess[ed] a controlled substance with intent to distribute, namely, approximately two pounds of methamphetamine, a Schedule II controlled substance." R. Vol. I, Doc. 1 at 1. Under 21 U.S.C. § 841(b)(1)(A)(viii),

-4-

possession with intent to distribute 50 grams or more of methamphetamine carries a minimum sentence of ten years. In light of defendant's guilty plea to possession of approximately two pounds of methamphetamine with intent to distribute, the district court did not err in imposing the statutory minimum ten-year sentence. Defendant's argument on this issue is frivolous.

Finally, defendant argues that 21 U.S.C. § 841 is facially unconstitutional in light of *Apprendi v. New Jersey*. He contends that Congress clearly intended the penalty provisions set forth in § 841(b) to be sentencing factors only, and not essential elements of the crime. Because this intended procedural dichotomy is unconstitutional under *Apprendi*, defendant argues, § 841 is unconstitutional on its face.[2] Defendant further argues that our holding in *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000), that "the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B)" is wrong, because it does not follow the procedural dichotomy that Congress intended. Likewise, defendant argues that our recent decision in *United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001), is wrong, because it rejects a

---

[2] Defendant founds his argument primarily on the Ninth Circuit's opinion in *United States v. Buckland*, 259 F.3d 1157 (9th Cir. 2001), which has recently been withdrawn pending en banc reconsideration, *United States v. Buckland*, 265 F.3d 1085 (9th Cir. 2001).

facial challenge to the constitutionality of § 841 based on our analysis in *Jones*. Accordingly, defendant seeks en banc consideration of his facial challenge to the constitutionality of § 841.

Because defendant did not raise his constitutional challenge to § 841 in district court, we review the matter only for plain error. Even if we were inclined to revisit our holdings in *Jones* and *Cernobyl*, which we are not,[3] the district court certainly did not commit plain error when it followed binding Tenth Circuit precedent and thereby failed to recognize the alleged unconstitutionality of § 841. Defendant's argument to the contrary is frivolous.

Based on our careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We therefore GRANT counsel's request to withdraw and DISMISS the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Defendant's Petition for Hearing En Banc has been transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. No judge in regular active service on the court requested that the court be polled on initial hearing en banc. Accordingly, defendant's Petition for Hearing En Banc is denied. Further, defendant's motion to reconsider this court's order of September 18, 2001 concerning the Petition for Hearing En Banc is denied as moot.