**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN GUTIERREZ-CASILLAS,

    Defendant-Appellant.

No. 03-1516
(D.C. No. 03-CR-69-WM)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **HENRY,** Circuit Judge.

Juan Gutierrez-Casillas pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. The district court sentenced him to 60 months imprisonment. He appeals, contending the district court erred in failing to apply the safety valve reduction under U.S.S.G. § 5C1.2. We affirm.

Mr. Gutierrez-Casillas and co-defendant Mr. Ricardo Vasquez agreed to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

meet an undercover officer on January 21, 2003 in Denver, Colorado in order to sell him one kilogram of cocaine. Mr. Gutierrez-Casillas first drove Mr. Vasquez to a friend's house, where Mr. Vasquez picked up a gun and placed it under the passenger seat of the truck. They continued on to the meeting place for the drug transaction and waited there with the undercover officer for the arrival of a third person who brought the drugs. When the purchase was completed for $21,000, the police immediately arrested the three individuals. The police seized the gun from beneath the passenger seat of Mr. Gutierrez-Casillas' truck.

Mr. Gutierrez-Casillas pled guilty and stipulated in his plea agreement to a two-level increase to his sentence under U.S.S.G. § 2D1.1(b)(1), which authorizes an enhancement "[i]f a dangerous weapon (including a firearm) was possessed." Due to the quantity of drugs involved, he was subject to a statutory mandatory minimum sentence of 60 months imprisonment. 21 U.S.C. § 841(b)(1)(B). The presentence report recommended that he not be granted relief under the safety valve provision, which permits a defendant to be sentenced below the statutory minimum if, *inter alia*, he did not possess a firearm in connection with the offense. U.S.S.G. § 5C1.2(a)(2). Mr. Gutierrez-Casillas objected to this conclusion on the ground that he did not know Mr. Vasquez possessed the firearm. The district court rejected this argument and sentenced him to the mandatory minimum of 60 months imprisonment.

On appeal, Mr. Gutierrez-Casillas asserts that the district court erred by making factual errors, misstating the governing legal standard for a safety valve reduction, and wrongly construing the plain language of the guideline. We review a district court's factual findings for clear error, giving due deference to the court's application of the guidelines to the facts. *See United States v. Vaziri*, 164 F.3d 556, 568 (10th Cir. 1999). We review the court's legal interpretations *de novo*. *Id.* Based on the facts of this case, the language of the guidelines, and circuit precedent, we conclude Mr. Gutierrez-Cassillas was not eligible for a safety valve reduction.

The guidelines authorize an enhancement of a defendant's sentence "[i]f a dangerous weapon (including a firearm) was possessed." *See* U.S.S.G. § 2D1.1(b)(1). At the same time, the guidelines' safety valve provision permits a defendant to receive a sentence below a statutory minimum where "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 5C1.2(a)(2). Application note four in the commentary to this provision specifically "limits the accountability of the defendant [under (a)(2)] to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 5C1.2, cmt. n.4.

Shortly after the briefs were filed in this appeal, we held that an

-3-

enhancement of a defendant's sentence under § 2D1.1(b)(1) does not necessarily preclude his qualification for the safety valve reduction set forth in § 5C1.2. *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1188 (10th Cir. 2004). We articulated the rule that "we focus on the defendant's own conduct for purposes of evaluating eligibility for the safety valve, and that we recognize a distinction between constructive and actual possession." *Id.* at 1186 (citing, among others, *United States v. Pena-Sarabia*, 297 F.3d 983, 988-89 (10th Cir. 2002)). We concluded that § 2D1.1(b)(1) merely requires "constructive possession," based on proximity of the gun, whereas § 5C1.2 requires "actual possession," which is characterized by a closer degree of connection. *Zavalza-Rodriguez*, at 1186-88.

Here, Mr. Gutierrez-Casillas stipulated that U.S.S.G. § 2D1.1 applied to his sentence and would require a two-level enhancement "for possession of a dangerous weapon in connection with the offense." Rec., vol. I, doc. 78 at 4-5. He thus conceded that he constructively possessed the gun. But he testified at his sentencing hearing that he did not know why he and Mr. Vasquez were going to visit Mr. Vasquez's friend, he did not see the gun once Mr. Vasquez returned from the house, and that he was completely unaware of the gun until the officers found it in his truck. Mr. Vasquez testified, however, that he specifically asked Mr. Gutierrez-Casillas about going to pick up a gun from a friend. In making its findings, the district court noted the testimony showed that "a stop was made at a

friend's house to pick something up" on the way to a drug transaction. Rec., vol. II at 36. The court also recognized that the use of guns is common in drug trafficking. It then found:

> [W]eighing the facts presented equally, discounting each's credibility by self-interest, I have to conclude that the defendant has not convinced me that he did not know that his cousin was picking up a gun and putting it–he admits he knew he had something to put it underneath his seat, and as a consequence I have to deny the defendant's request because I do not conclude he has proved that he was unaware of it, and therefore knowing possession by a compatriot in this process is both constructive possession, since he is the driver of the vehicle, and *aiding and abetting the conspirator* . . . .

*Id.* (emphasis added).

In determining whether Mr. Gutierrez-Casillas was precluded from a safety valve reduction, the court was required to focus on his personal conduct and it did so in determining that he knowingly aided and abetted his co-conspirator in possessing the gun in connection with the drug offense. *See Zavalza-Rodriguez*, 379 F.3d at 1186, 1188; U.S.S.G. § 5C1.2 cmt. n.4. The court's finding is not clearly erroneous, and it makes Mr. Gutierrez-Casillas ineligible for relief under § 5C1.2. *See Zavalza-Rodriguez*, 379 F.3d at 1188 (noting that "[w]here § 2D1.1 applies . . . it will frequently be the case that a defendant who falls under the broader scope of § 2D1.1 will *not* qualify for a § 5C1.2 reduction because the weapon was actively possessed"). Mr. Gutierrez-Casillas simply failed to meet his burden of establishing an entitlement to this downward departure. *See United*

*States v. Verners*, 103 F.3d 108, 110 (10th Cir. 1996).

For the foregoing reasons, we **AFFIRM** Mr. Gutierrez-Casillas' sentence.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge