**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LUCIANO AVENDANO MONTOYA,

      Defendant - Appellant.

No. 08-4070
(D.C. No. 2:07-CV-00903-DB)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

    Defendant Luciano Avendano Montoya, a federal prisoner appearing pro se,[1] seeks

a certificate of appealability (COA) that would allow him to appeal from the district court's

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Montoya is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[2] *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Montoya has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss his appeal. *See id.* § 2253(c)(2).

## I. BACKGROUND

On September 3, 2004, a law enforcement officer stopped Mr. Montoya's car in Orem, Utah. Pursuant to this stop, officials searched the vehicle and found four baggies of methamphetamine, $7,930 in cash, and a pay/owe sheet. Mr. Montoya ultimately pleaded guilty, pursuant to a plea agreement with the government, to one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). In return, the government agreed to dismiss an additional count and to recommend that Mr. Montoya qualify for certain acceptance of responsibility reductions in accordance with the U.S. Sentencing Guidelines Manual ("U.S.S.G."). Additionally, and of relevance to this appeal, the plea agreement provided that based on the information known at the time, the government agreed that Mr. Montoya would fall within the safety valve provisions found within 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. These provisions instruct that if, after affording the government the opportunity to make a recommendation, the court finds that five criteria have been met, it must impose punishment pursuant to the Guidelines and without regard to any statutory minimum sentence. *See generally United*

---

[2] Because the district court did not address the issuance of a COA, its failure to issue a COA was deemed a denial pursuant to Fed. R. App. P. 22(b)(1) and 10th Cir. R. 22.1(C).

*States v. Altamirano-Quintero*, 511 F.3d 1087, 1090 & nn.5-6 (10th Cir. 2007) (describing the content and operation of the safety valve provisions), cert. denied, 128 S. Ct. 2098 (2008). The government's agreement that the safety valve provisions applied, however, was conditioned upon Mr. Montoya's fulfilling the criterion of § 3553(f)(5) by truthfully providing the government all information he had regarding offenses which were part of the same course of conduct.

At the sentencing hearing on April 18, 2006, the government did not agree that Mr. Montoya had fulfilled the § 3553(f)(5) requirement. Specifically, the government claimed that Mr. Montoya was not forthcoming during interviews with an agent and that three separate interviews were required before Mr. Montoya revealed the source of the cash seized from his car. Even after the third interview, the government's "agent was clearly left with the impression that [Mr. Montoya] would only tell [him] what [Mr. Montoya] knew [the agent] already knew." R., Vol. I, Doc. 2 Ex. 2, at 5 (Sentencing Hr'g Tr., filed Nov. 19, 2007). The government additionally asserted that during the interviews Mr. Montoya gave an inconsistent statement about the number of times he had sold drugs. Mr. Montoya also stated that he was unable to identify or give the full name of his drug supplier—a claim that the government's agent found incredible. Finally, the government was certain that an individual under prosecution known as "Chewy" was Mr. Montoya's supplier. When presented with a photograph of "Chewy," however, Mr. Montoya would not admit that the man in the picture was his supplier. The government therefore did not recommend Mr. Montoya for the safety valve reduction.

The district court determined that Mr. Montoya was not eligible for the safety valve reduction and sentenced him to the mandatory minimum of 120 months' imprisonment, followed by sixty months of supervised release. Mr. Montoya filed a direct appeal challenging the district court's refusal to apply the safety valve reduction, and this court affirmed Mr. Montoya's sentence. *See United States v. Montoya*, 227 F. App'x 740 (10th Cir. 2007). Mr. Montoya then filed a § 2255 motion asserting that the government's failure to recommend the application of the safety valve reduction constituted a breach of his plea agreement.[3] The district court denied Mr. Montoya's § 2255 motion, concluding that Mr. Montoya failed to carry his burden of proving a breach of the plea agreement.

---

[3] A defendant's failure to raise an issue on direct appeal generally will bar his collateral attack under § 2255 unless he can demonstrate cause excusing the procedural default and actual prejudice resulting from the errors complained of, or that a fundamental miscarriage of justice will occur if the claim is not addressed. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). "A court may raise this procedural bar defense sua sponte but must afford the movant an opportunity to respond to the defense." *Id.* Furthermore, even where the court has the power to raise such procedural bar defenses, we have counseled that it "does not mean that it *must* raise them sua sponte," or that it "ordinarily *should* raise" them sua sponte. *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992). On direct appeal, Mr. Montoya did not argue that the government breached the plea agreement, and he has not offered any reason for omitting that argument. The district court, however, did not elect to raise the procedural bar defense. We discern no error in this omission.

## II. STANDARD

The denial of a motion for relief under § 2255 can be appealed only if a COA is issued. 28 U.S.C. § 2253(c)(1)(B). A COA may not issue under § 2253(c)(1) unless "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

As the party asserting a breach of the plea agreement, Mr. Montoya must prove the underlying facts that establish the breach by the preponderance of the evidence. *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995). Here, Mr. Montoya must show that he met the criteria contained in the safety valve provisions, including the requirement of § 3553(f)(5) that he truthfully provide the government with all information regarding his course of conduct. *See Altamirano-Quintero*, 511 F.3d at 1090 & n.6; *United States v. Verners*, 103 F.3d 108, 110 (10th Cir. 1996).

## III. DISCUSSION

A review of the record shows that the district court's denial of Mr. Montoya's § 2255 motion is not reasonably debatable. In his motion and COA application, Mr. Montoya argues that the government's determination that he was not offering full information was based on the agent's ignorance and cultural bias regarding the identification of the photograph of the

man that the agent believed was his supplier. A review of the sentencing hearing proceedings, however, makes it clear that the government's rationale was based on much more than Mr. Montoya's failure to identify the alleged supplier in a photograph; rather, the government provided several examples of Mr. Montoya's inconsistent and incredible statements and other failures to divulge information as required by § 3553(f)(5).

Moreover, as the district court noted in its denial of Mr. Montoya's § 2255 motion, the express terms of the plea agreement permitted the government to advise the court of its belief that Mr. Montoya had not fulfilled § 3553(f)(5)'s disclosure requirement. After the government did so, the district court then independently determined that the safety valve provisions did not apply.

Accordingly, we DENY Mr. Montoya's request for a COA and DISMISS his appeal.

Entered for the Court


Jerome A. Holmes
Circuit Judge