**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANDRES MARTINEZ,

    Defendant-Appellant.

No. 11-3363
(D.C. Nos. 5:11-CV-04085-SAC and
5:10-CR-40091-SAC-1)
(D. of Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Andres Martinez, a federal prisoner, seeks a certificate of appealability

(COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. Martinez is serving a 120–month

sentence for distributing methamphetamine and traveling in interstate commerce

to promote his methamphetamine distribution enterprise, and he seeks relief on

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the grounds that he was denied effective assistance of counsel at trial. We conclude the district court properly denied Martinez's § 2255 motion.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY the application for a COA and DISMISS the appeal.

## I. Background

Martinez pleaded guilty without the benefit of a plea agreement to three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and four counts of traveling in interstate commerce to promote his distribution, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 1952. He received a sentence of 120 months for each distribution count and 60 months for each interstate travel count, running concurrently. This is the statutory minimum. 21 U.S.C. § 841(b)(1)(A)(viii). He did not appeal.

He filed a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that his counsel was ineffective for not arguing that he was eligible for a safety-valve exception, a minor role reduction, and an entrapment reduction. He also claims that his counsel improperly failed to preserve these arguments for appeal.

The district court denied a COA and dismissed his case, finding that although Martinez's lawyer properly raised two of these points below, they were all meritless.

## II. Discussion

To obtain a COA, Martinez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That showing requires demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 348 (2003) ("The COA inquiry asks only if the District Court's decision was debatable.").

A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). First, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Martinez fails on the first prong. He could not identify any "acts or omissions of counsel." *Id.* at 690. In his § 2255 motion Martinez lists three arguments he believes that his counsel ought to have raised and preserved for

appeal, but he alleges no factual basis for these claims and fails to mention that two of them were actually properly raised by his counsel at the appropriate time.

First, he claims his lawyer failed to request safety-valve relief at sentencing. But the record shows counsel did object:

> The offense level should be at least four levels lower with the application of a role adjustment, U.S.S.G. § 3B1.2, and the safety valve provisions of U.S.S.G. §§ 2D1.1(11) and 5C1.2(a). Thus the total offense level (¶ 29) should be 28 for a Guideline Range of 78–97 months (¶ 53). Mr. Martinez was merely a runner of the drugs for the true dealer. He had been doing this only a very short time before he was arrested, and he otherwise complied with the provisions of 5C1.2(a) prior to his being charged in federal court.

Presentencing Report, R., V. III at 27.

His second contention is that counsel failed to ask for a minor role reduction to his sentence because he was only a drug courier. But the record also discloses counsel did ask for this reduction. A request for a downward departure would have been pointless in any event, in the absence of the safety-valve, because Martinez received the statutory minimum sentence.

His third contention is that his counsel did not request a sentencing reduction for sentencing entrapment. Sentencing entrapment or manipulation is a "due process principle allowing a court to modify a sentence if, considering the totality of the circumstances, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice," such as heavily pressuring the defendant during a sting operation to deal a higher volume

of drugs than he otherwise would, and can be the basis for a downward variance or departure. *United States v. Beltran*, 571 F.3d 1013, 1019 (10th Cir. 2009) (quotation omitted). Martinez provides no ground for us to conclude that he might be entitled to this relief. He asks for an evidentiary hearing on whether he is entitled to an entrapment adjustment, but provides no allegations as to what facts he hopes to establish at such a hearing. Furthermore, he received the minimum sentence allowed by statute, so the sentencing court had no discretion to further reduce his sentence. *United States v. Verners*, 103 F.3d 108 (10th Cir. 1996).

In sum, the district court did not err in denying Martinez's ineffective assistance of counsel claim.

## III. Conclusion

We DENY Martinez's application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge