FILED
United States Court of Appeals
Tenth Circuit

October 29, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CARLOS BERNAL SALAZAR,

    Defendant - Appellant.

No. 24-6121
(D.C. No. 5:18-CR-00006-F-3)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Juan Carlos Bernal Salazar appeals from the denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction under

18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

---

   * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I. BACKGROUND

1. **Conviction and Sentencing**

On December 13, 2017, police executed a search warrant at a residence where Mr. Bernal Salazar resided with another individual. Authorities discovered methamphetamine, multiple firearms (including a Glock handgun), more than $7,000 in U.S. currency, and other items. Alongside several co-conspirators, Mr. Bernal Salazar was indicted on eight counts. He pled guilty to possession of methamphetamine with intent to distribute and being an alien in possession of a firearm.

In the plea agreement, "[t]he parties . . . agree[d] and stipulate[d] that [Mr. Bernal Salazar] possessed a dangerous weapon in relation to the charged possession of controlled substances." ROA, Vol. I at 97. At his change of plea hearing, Mr. Bernal Salazar admitted under oath that he "knowingly and intentionally" possessed the Glock in connection with the drug offense. *Id.* at 222.

The probation office prepared a Presentence Investigation Report ("PSR"). For the drug offense, the PSR recommended a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 2D1.1(b)(1), which applies if "a dangerous weapon (including a firearm) was possessed," and another two-level enhancement under U.S.S.G. § 2D1.1(b)(12), which applies if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance."

On the firearm offense, the PSR recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense" or "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

Mr. Bernal Salazar had a criminal history score of zero.  The PSR determined the Guidelines range was 262 to 327 months in prison.

The district court adopted the PSR's Guidelines range calculation. Responding to Mr. Bernal Salazar's unopposed motion for a variance, it imposed a below-Guidelines sentence of 240 months in prison.  Mr. Bernal Salazar attempted to appeal his conviction, but we enforced the appeal waiver in his plea agreement and dismissed the appeal.  *United States v. Bernal Salazar*, 775 F. App'x 444, 445-46 (10th Cir. 2019) (unpublished).

2. **Motion to Vacate**

Mr. Bernal Salazar later moved under 28 U.S.C. § 2255 to vacate his sentence. *United States v. Bernal Salazar*, 2021 WL 3278155, at *1 (10th Cir. Aug. 2, 2021) (unpublished).  He argued that his attorney was ineffective for failing to challenge his possession of the Glock because "the firearm had been found on premises occupied by several individuals."  *Id.*  The district court denied the relief, and we declined to grant a certificate of appealability.  *Id*. at *2.  We noted that Mr. Bernal Salazar's admission to possessing the firearm was "generally conclusive" and could be second-

3

guessed "only if Mr. Bernal Salazar presented a credible reason to question what he had said when pleading guilty." *Id.* at *1. He had "presented no such reason." *Id.*

3. **Motion for Sentence Reduction**

Mr. Bernal Salazar moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), which provides that a district court may reduce a sentence "based on a sentencing range that has subsequently been lowered." He cited Amendment 821, now codified at U.S.S.G. § 4C1.1. The amendment provides that certain offenders with a criminal history score of zero shall receive a two-level decrease to their offense level. To receive the decrease, a defendant must satisfy 10 criteria, including that "[t]he defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.* § 4C1.1(a)(7).

The district court denied the motion. It noted that Mr. Bernal Salazar "received a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b) because he possessed a firearm" and therefore "does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821." ROA, Vol. I at 275.

Mr. Bernal Salazar moved for reconsideration, arguing, based on *United States v. Hargrove*, 911 F.3d 1306 (10th Cir. 2019), that he may show he did not possess a firearm "in connection with the offense" under § 4C1.1(a)(7) despite receiving an enhancement under § 2D1.1(b)(1). ROA, Vol. I at 277. Although he conceded that he "does not Dispute the possession of a firearm finding," he maintained that

4

"constructive possession without more, is not enough for a court to conclude that a defendant used the firearm in connection with an offense." *Id.*

The district court denied reconsideration. It clarified that "[i]n light of *Hargrove*, application of the two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) does not automatically disqualify a defendant from satisfying the requirement of § 4C1.1(a)(7)." *Id.* at 292-93. Rather, "Section 4C1.1(a)(7) requires proof by a preponderance of the evidence of 'active possession whereby there is a close connection linking the individual defendant, the weapon and the offense.'" *Id.* at 293 (quoting *Hargrove*, 911 F.3d at 1330).

The district court said "the record indicates that the firearm facilitated or had the potential to facilitate his drug offense." *Id.* at 293. It noted that Mr. Bernal Salazar stipulated in his plea agreement that he "possessed a dangerous weapon in relation to the charged possession of controlled substances," he admitted during his plea colloquy that he "knowingly and intentionally possessed" the Glock, and the Glock was "located in the house where defendant was residing, along with methamphetamine and U.S. currency." *Id.* (alterations and quotations omitted).

The district court also found the firearm facilitated or had the potential to facilitate the firearm offense, given that Mr. Bernal Salazar admitted to possessing the firearm while unlawfully residing in the United States and conceded that the government could prove that the firearm had traveled in interstate commerce. *Id.*

5

## II.  DISCUSSION

### A.  *Standard of Review*

We review a district court's decision to a deny a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *Id.* (quotations omitted).

### B.  *Legal Background*

"Generally, the burden is on the defendant to show that a reduction in sentencing is appropriate."  *United States v. Verners*, 103 F.3d 108, 110 (10th Cir. 1996).  Mr. Bernal Salazar was required to prove by a preponderance of the evidence that he "did not possess . . . a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  U.S.S.G. § 4C1.1(a)(7).

This court has not interpreted § 4C1.1(a)(7).  The provision uses language similar to that of U.S.S.G. § 5C1.2(a)(2), which provides sentencing relief in certain drug cases if the defendant can prove, among other things, that he "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  We look to our precedents interpreting § 5C1.2(a)(2) for guidance.

We have held that § 5C1.2(a)(2) requires "active possession whereby there is a close connection linking the individual defendant, the weapon and the offense."  *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1187 (10th Cir. 2004).  We have also explained that a defendant possesses a firearm "in connection with the offense,"

§ 5C1.2(a)(2), if the firearm facilitated or had the potential to facilitate the offense. *Hargrove*, 911 F.3d at 1327. And we have recognized that firearms are drug traffickers' "tools of the trade." *Id.* at 1331 (quotations omitted) (collecting cases).

## C. *Analysis*

The sentencing court enhanced Mr. Bernal Salazar's sentence by raising his offense level by two under U.S.S.G. § 2D1.1(b)(1), by two under § 2D1.1(b)(12), and by four under § 2K2.1(b)(6)(B). In his motion for sentence reduction, he asked for a two-level reduction under § 4C1.1. But to succeed, he needed to show that he did not "possess . . . a firearm . . . in connection with the offense." § 4C1.1(a)(7). We affirm because Mr. Bernal Salazar has not proven that he did not possess a firearm in connection with his drug offense.

First, he admitted under oath at the change of plea hearing that he "knowingly and intentionally" possessed the Glock. ROA, Vol. I at 222. As we noted during his last appeal, we can second-guess this admission "only if Mr. Bernal Salazar presented a credible reason to question what he had said when pleading guilty." *Bernal Salazar*, 2021 WL 3278155, at *1. He has not done so. Mr. Bernal Salazar points to no facts in the record that suggest he did not "actively possess[]" this firearm. *Zavalza-Rodriguez*, 379 F.3d at 1188.

Second, Mr. Bernal Salazar failed to show that his possession of the Glock did not facilitate or have the potential to facilitate his drug offense. Authorities discovered the firearm "in the house where defendant was residing, along with methamphetamine and U.S. currency." ROA, Vol. I at 293. And Mr. Bernal Salazar

previously stipulated that he "possessed a dangerous weapon in relation to the charged possession of controlled substances." *Id.* at 97. He points to nothing in the record that suggests he may have possessed the firearm for some reason unconnected to his drug-trafficking activity.

In his brief, Aplt. Br. at 5, Mr. Bernal Salazar points out that we have said "mere constructive possession (without more)" does not prevent a defendant from demonstrating eligibility for relief under § 5C1.2(a)(2). *Hargrove*, 911 F.3d at 1329 (citing *Zavalza-Rodriguez*, 379 F.3d at 1186-87). But the record does not demonstrate that Mr. Bernal Salazar "mere[ly]" constructively possessed the firearm "without more." *Id.*

Mr. Bernal Salazar also notes, Aplt. Br. at 5, that under *Zavalza-Rodriguez*, 379 F.3d at 1188, the district court erred in finding him ineligible for a sentence reduction merely because the court had previously applied an enhancement under § 2D1.1(b)(1), *see* ROA, Vol. I at 275.[1] But when the court denied Mr. Bernal Salazar's motion for reconsideration, it acknowledged this error and corrected it. *See id.* at 292-93. The court then appropriately focused on the record facts that demonstrated Mr. Bernal Salazar's ineligibility for relief. A timely filed motion for reconsideration "briefly suspends finality to enable a district court to fix

---

[1] *Zavalza-Rodriguez* held that application of an enhancement under U.S.S.G. § 2D1.1(b)(1) does not necessarily preclude a defendant from proving eligibility for relief under § 5C1.2(a)(2). 379 F.3d at 1186-87.

8

any mistakes and thereby perfect its judgment before a possible appeal." *Banister v. Davis*, 590 U.S. 504, 516 (2020). The district court did just that.[2]

## III. CONCLUSION

We affirm the district court's judgment. We grant Mr. Bernal Salazar's motion to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Mr. Bernal Salazar also argues that "it is logically inconsistent for a firearm to facilitate a firearm offense." Aplt. Reply Br. at 3. Because we affirm on the ground that Mr. Bernal Salazar has not shown he did not possess a firearm in connection with his drug offense, we need not address this argument.